## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| Dale Lee Jansma, | ) | 09 B 07071 |
| | ) | Hon. Pamela S. Hollis |
| Debtor | ) | |
| Ronald J. Filian | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding |
| vs. | ) | No. 09-00444 |
| | ) | |
| Dale Lee Jansma, | ) | Hearing Date: 7/9/09 |
| | ) | Hearing Time: 10:30 |
| Defendant | ) | |

## NOTICE OF MOTION

TO  **Susan Barron,**
Law Office of Susan S. Barron PC
One Northfield Plaza Ste. 300
Northfield, IL 60093
(847) - 4418135
susan@jsbarron.com

PLEASE BE ADVISED that on July 9, 2009 at 10:30 a.m. I shall appear before Bankruptcy Pamela S. Hollis, Courtroom 644, 219 South Dearborn Street, Chicago, Illinois, and then and there present **"Defendant's Motion to Dismiss Count IV"** a copy of which, along with a proposed Order, is attached hereto and hereby served upon you. You may appear at that time if you see fit.

s/ Chester H. Foster, Jr.

## CERTIFICATE OF SERVICE

I, Chester H. Foster, Jr., certify that I caused a copy of the Notice of Filing and the attached **"Defendant's Motion to Dismiss Count IV"** to be served upon the party listed above via electronic ECF service on July 6, 2009.

s/ Chester H. Foster, Jr.

Chester H. Foster, Jr.
Foster, Kallen & Smith
3825 W. 192nd Street
Homewood, IL 60430
(708) 799-6300
A.R.D.C. # 03122632

Mot to dismiss 7 6 09 NOF.doc

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re:<br>Dale Lee Jansma, | )<br>)<br>) | Chapter 7<br>09 B 07071<br>Hon. Pamela S. Hollis |
| Debtor | ) | |
| Ronald J. Filian | )<br>) | |
| Plaintiff, | )<br>) | |
| | ) | Adversary Proceeding |
| vs. | ) | No. 09-00444 |
| | ) | |
| Dale Lee Jansma , | )<br>) | Hearing Date: 7/9/09<br>Hearing Time:  10:30 |
| Defendant | )<br>) | |

## DEFENDANT'S MOTION TO DISMISS COUNT IV

To: Susan P. Sonderby, Bankruptcy Judge

Now comes Dale Jansma (the "Defendant"), the Defendant in the above captioned adversary proceeding, and represents as follows:

1. On March 3, 2009, the Defendant filed a Voluntary Chapter 7 Petition.

2. On June 3, 2009 Ronald Filian, one of the Defendant's creditors (the "Plaintiff"), filed a complaint (the "Complaint") consisting of four counts commencing the above captioned adversary proceeding (the "Adversary").

3. Defendant hereby moves to dismiss Count IV of the Complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

4. Count IV alleges that the Defendant's indebtedness to the Plaintiff should not be discharged pursuant to 11 USC § 523(19)(A)(i)(ii)(B).

Mot to dismiss 7 6 09.doc

1

5.  There is no section 523(19)(A)(i)(ii)(B) of Title 11 so it is difficult to tell under which section the Plaintiff is arguing the Defendant's debt to the Plaintiff should be discharged. However, the Plaintiff presumably means to bring Count IV under 11 USC § 523(a)(19). And the Complaint does not state a cause of action under any of this subsection.

6.  11 USC § 523(a)(19) excepts from discharge certain debts that arise from a securities law violation when several conditions are met.

7.  Section 523(a)(19) was added to the Bankruptcy Code in 2002 as part of the Sarbanes-Oxley Act, and as such there is not much case law on the issue. According to the Congressional Committee Report when the section was added:

> Current bankruptcy law may permit such wrongdoers to discharge their obligations under court judgments or settlements based on securities fraud and other securities violations. This loophole in the law should be closed to help defrauded investors recoup their losses and to hold accountable those who violate securities laws after a government unit or private suit results in a judgment or settlement against the wrongdoer.

*Smith v. Gibbons*, 289 B.R. 588, 592 (Bankr. S.D.N.Y. 2003).

8.  From this legislative history and the text of the statute stating "any debt that is for [a violation of securities law]," it is clear that to be nondischargeable under 523(a)(19) there must be a nexus between the debt and the securities law violation.

9.  Furthermore, the debt must result from some type of judgment or order in a federal or state administrative proceeding. 11 USC § 523(a)(19)(B); 15 Lawrence P. King, *Collier on Bankruptcy*, § 523.24B (15th ed. 2006).

10. In this case, the Illinois Secretary of State simply found that the Defendant had sold securities without properly registering them with the state. There was no judgment entered against the Defendant or any order for restitution. The only order

Mot to dismiss 7 6 09.doc

entered was a permanent prohibition against the Defendant from offering or selling securities in the State of Illinois. There is no allegation in the Complaint that the Defendant's debt to the Plaintiff was *for* a securities violation as required under 523(a)(19)(A) or that the debt *results from* a judgment or order entered in a state administrative proceeding as required by 523(a)(19)(B). Since § 523(a)(19) requires both subsections (A) and (B) to be met for a debt to be nondischargeable, the Complaint has not stated a cause of action under § 523(a)(19).

11.  Furthermore, the Plaintiff suffered no damages from the Defendant's sale of unregistered securities. The Plaintiff's loan to the Defendant was secured by an unencumbered parcel of real estate that was worth more, at the time the loan was made, than the amount of the loan. The Defendant has offered on numerous occasions to transfer title to this real estate to the Plaintiff in satisfaction of the debt but the Plaintiff has repeatedly refused this offer.

12.  Since Count IV of the Complaint fails state to state a cause of action upon which relief can be granted, it should be dismissed.

**WHEREFORE**, the Defendant requests the entry of an order dismissing Count IV of the Complaint.

> Respectfully submitted,
> Dale Jansma
>
> By: /s/ Chester H. Foster, Jr.
>       One of his Attorneys

Chester H. Foster, Jr.
Foster, Kallen & Smith
3825 W. 192nd Street
Homewood, IL 60430
(708) 799-6300
ARDC# 03122632

Mot to dismiss 7 6 09.doc